## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT COURT OF FLORIDA

ROBERT W. LAWSON,
(Class Representative)
          Plaintiff,

vs.                                                    Case No. _____
                                                              (to be assigned)

STATE OF FLORIDA;

MICHAEL W. MOORE,
Secretary, Florida Department
of Corrections, et al.;
          Defendants.
_____/

### CIVIL COMPLAINT

This is a civil complaint alleging damages and injuries as a direct or proximate result of the Defendants' acts or omissions (failure to intervene or prevent), in disclosing Plaintiff's Social Security Account Number on the Internet Web site for the Florida Department of Corrections, which grants public access, *world wide*, to Plaintiff's personal criminal history and other personal information, which constitutes an Unwarranted Invasion of Plaintiff's personal Privacy under the Federal Constitution and Laws.

Furthermore, said disclosure is not authorized under any agreement with the Social Security Administration, and is in violation of the Social Security Act, Title 42 USC § 405 (c)(2)(C)(vii)(I); thus, Plaintiff's Due Process and Equal Protection rights under the Laws secured by the Fourteenth Amendment are being encroached.

Additionally, Plaintiff seeks Class Certification, where the issues raised herein effect thousands of similarly situated prisoners under the custody of the Defendants. Plaintiff refers to the Class when referring to himself for the purpose of Class Action Status.

1

## JURISDICTIONAL BASIS

1. This Court has original jurisdiction to review this matter under the Federal Question Jurisdiction Act, Title 28, USC § 1331, which reads:

> "The federal courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. Plaintiff claims that this civil action arises under the Equal Protection, Due Process and Privacy clauses of the Fourteenth Amendment to the Constitution and the Laws of the United States, because there currently exists a controversy between the Plaintiff and the Defendants, as to whether: 1) Plaintiff's Social Security Number is confidential and exempt from disclosure by State or Federal agencies under Federal Law; 2) Defendants' disclosure of Plaintiff's Social Security Number violates Federal Law; and 3) disclosure of Plaintiff's Social Security Number on a State agency's world wide web site or otherwise, violates Plaintiff's rights afforded under the Privacy Act, Due Process and Equal Protection under the Fourteenth Amendment to the Federal Constitution and Laws.

3. Also, this Court has original jurisdiction over this action under the Civil Action for Deprivation of Rights Law Act, Title 42, USC § 1983, which sets forth:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or proper proceeding for redress."

4. Plaintiff alleges that the Defendants in this complaint are officials of the State of Florida. Therefore, Defendants' acts or omissions, as described within this complaint, are under color of State law, ordinance, regulation, custom or usage, and are subjecting or causing Plaintiff to be subjected to deprivation of his rights to Equal Protection, Due Process, and Privacy, under the Fourteenth Amendment to the Constitution and the Laws of the United States.

5. Additionally, this Court has pendent jurisdiction over additional parties and issues regarding violations of the Florida Constitution, under Title 28, USC § 1367(a), which sets forth:

> "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

6. Plaintiff raises that the issues out lined; herein, violate the Privacy rights afforded the Plaintiff under the Florida Constitution, and are so closely related that they are, in fact, the same case and controversy being raised within this Court's original jurisdiction. Therefore, Plaintiff requests that this Court include Plaintiff's claim for Invasion of Privacy under the Florida Constitution with his federal claims in reaching its decision.

### THE PARTIES

7. The Plaintiff, **ROBERT W. LAWSON**, is a State prisoner under the custody of the Florida Department of Corrections, as defined in section 944.02(5), *Florida Statutes*, who is currently housed at ~~Hernando~~ *Lake* Correctional Institution.

8. The Defendant, **STATE OF FLORIDA, et al.**, is in charge of the administration of, and liable for, all State agencies and departments. Accordingly, the State of Florida (hereinafter "State"), has a ministrial duty and obligation to insure that all of its agencies and departments act in a manner, which is within the bounds of Federal and State Constitutions and Laws. Process shall be made by service upon **ROBERT BUTTERWORTH**, Attorney General for the State of Florida.

9. The Defendant, **MICHAEL W. MOORE, et al.**, is the Secretary of the Florida Department of Corrections (hereinafter "Department"), which operates to incarcerate prisoners of the State of Florida. Defendant Moore is in charge of the administration of the Florida Department of Corrections. Accordingly, the Defendant has a ministerial duty to do so in a manner that comports with Federal and State Constitutions and Laws.

### CLASS ACTION ALLEGATIONS

10. Pursuant to Rules 23(a) & (b), *Federal Rules of Civil Procedure*, the Plaintiff requests *"Class Certification"* of this civil action, and alleges the following in support thereof:

11. The claims contained; herein, affect thousands of similarly situated prisoners, both present and in the future, which class is so numerous that joinder of all members is

impracticable, as it would have the effect of overburdening the Court if all members were to file individual claims, both present and in the future.

12. The questions of law and fact are common with the class of similarly situated prisoners, both present and in the future.

13. The claims of the representative party are typically the claims of the class, both present and in the future.

14. The representative party, if appointed counsel,[1] will be able to fairly and adequately protect the interests of the class.

15. Accordingly, Plaintiff requests that this Court direct a final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. In November 1998, the Plaintiff filed for administrative remedy at the institutional level. On December 2, 1998, the institution denied administrative remedy; stating, the Social Security Administration had been contacted by the department and have confirmed that Plaintiff's Social Security Number is public record.

17. On November 15, 1998, the Plaintiff filed an administrative appeal to the office of Defendant Moore. On January 19, 1999, Plaintiff's appeal was denied by the Department, holding that the institutional response appropriately addressed the concerns raised by the Plaintiff, and that there is no exclusion of Social Security Numbers pursuant to *Florida Statutes* 119.07 and 945.10.

---

[1] See, submitted Motion for Appointment of Counsel.

18. Plaintiff has exhausted all available administrative remedies; therefore, this matter is ripe for judicial intervention.

## STATEMENT OF THE CLAIM

19. On or about October 1, 1996, the Florida Legislature enacted legislation, which delegated authority to the Department to require inmates to report their individual Social Security Account Numbers to the Department.

20. Said provision sets forth that if an inmate does not report their correct Social Security Number, the Department may deny the inmate canteen privileges, until such time as the inmate provides the Department with a verifiable Social Security Number.

21. Accordingly, the Department has an agreement with the Social Security Administration to verify the accuracy of each inmate's Social Security Number.

22. However, nether the above statute, nor the Department's agreement with the Social Security Administration, authorize or delegate any authority to the Department to disclose Plaintiff's Social Security Account Number on a world wide web site or otherwise.

23. Clearly, the Department is exceeding its authority, where the Department is created by the Florida Legislature, and may act only to implement laws enacted, as delegated, by the Florida Legislature.

24. Plaintiff contends that under the aforesaid creation, the Department may release its prisoner information, unless it is confidential or exempt by law. See, attached Memorandum of Law.

6

25. Additionally, the Department never informed or received permission from the Plaintiff authorizing disclosure of his social security number.

26. In fact, Federal and State Law strictly prohibit unauthorized disclosure of Social Security Numbers. See, attached Memorandum of Law.

27. So serious is the offense of unauthorized disclosure of Social Security Numbers, that federal law defines if as a felony, and prescribes a penalty of up to five years in prison and a $5000 fine for each offense.

28. Currently, Plaintiff is one of approximately 70,000 plus offenses being committed by the Defendants on the Florida Department of Corrections' *World Wide* web site, which address is: **http://www.dc.state.fl.us.com**..

29. The Department's web site provides public access to the Department's inmate database, which displays each inmate's current photograph, full name, date of birth, address and criminal history, as well as, their personal Social Security account number.

30. Moreover, authorized disclosure of Plaintiff's Social Security Number is permitted under Federal Law, only when the requesting government agency informs the Plaintiff of its intended uses, which constitutes Due Process.

31. Any disclosure of Plaintiff's Social Security Number contrary to or other than authorized by the Plaintiff, Federal and State Law, and in accordance with the Department's agreement with the Social Security Administration, constitutes unauthorized disclosure.

32. The Defendants have either acted or failed to intervene or prevent the unauthorized disclosure of Plaintiff's Social Security Number.

7

33. Plaintiff claims that the very fact that a wealth of information about the Plaintiff becomes easily accessible by obtaining Plaintiff's Social Security Account Number from the Defendants' internet web site, is what makes the Defendants' acts or omissions unlawful and contrary to the safeguards enacted within the restricted information and confidentiality clauses or subsections of the federal laws governing use and disclosure of Social Security Numbers.

34. Especially, more so now in the "Information Age" than when the Privacy Act of 1974 was enacted, because individuals are now able to unlock huge data banks of information about an individual, and obtaining untold amounts of private data about an individual by just having that individuals Social Security Account Number.

35. Consequently, the Potential for misuse of unauthorized disclosure of inmate Social Security account numbers over the internet is extremely great.

36. Plaintiff asserts that the Defendants' acts or omissions described herein, adversely affect him in a manner that greatly outweighs any state interest to inform the public.

37. Clearly, Plaintiff's entire identity can become corrupted by unknown persons committing identity fraud, who can use Plaintiff's social security number to access all forms of personal information to: 1) create and damage Plaintiff's credit and financial status; 2) *commit felonious offenses* using the Plaintiff's identity, for which, Plaintiff will become *subject to criminal prosecution.*

38. Also, national threats become more prominent, where individuals in foreign countries around the world, now have unlimited access to a continuing source of Social

Security Numbers, yielding necessary personal information to: 1) create counterfeit citizenships, passports, etc.; 2) enter into and remain within the United States; 3) utilize and profit from fraudulent financial status; or worse, 4) commit terrorism.

39. Additionally, Plaintiff contends that release of his criminal history and other personal information is contrary to the purpose behind the Freedom of Information Act or State public records act, which sole purpose is to inform the public about agency action -- not individual action.

40. Therefore, Defendants' acts or omissions in disclosing Plaintiff's criminal history and other personal information is, also, an invasion of Plaintiff's personal privacy.

## CLAIMED INJURIES

41. Ultimately, Respondents' disclosure of the Plaintiff's Social Security Account Number to the world is an Unlawful and Unwarranted Invasion of the Plaintiff's personal privacy afforded under Federal and State Constitutions and Laws.

42. Furthermore, the disclosure of Plaintiff's Social Security Number was initiated and has continued without any notice to the Plaintiff of the purpose or intention for disclosing his Social Security Number, which deprives Plaintiff of his personal privacy, and reliance upon Federal Laws that forbid disclosure, without Due Process of law or Equal Protection thereunder.

43. As a direct or proximate result of Defendants' acts or omissions in disclosing his Social Security number, criminal record, and other personal information, which acts or omissions are negligent or deliberately indifferent toward Plaintiff's privacy rights and

privileges, placing Plaintiff at risk of becoming victimized by innumerable types of fraud, loss of credit, financial standing, and arrests for crimes committed under his identity.

44. As a direct or proximate result of Defendants' acts or omissions in disclosing his Social Security number, criminal record, and other personal information, which acts or omissions are negligent or deliberately indifferent toward Plaintiff's rights and privileges; Plaintiff has, in the past and will in the future, sustained irreparable injury to his personal privacy, due process and equal protection interests, protected by Federal and State Constitutions and Laws.

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

A. Issue a declaratory judgment stating that:

    1. Disclosure of the Plaintiff's Social Security Account Number, on an internet web site or otherwise, is in direct violation of Federal and State Law;

    2. Disclosure of the Plaintiff's Social Security Account Number, on an internet web site otherwise, is an invasion of the Plaintiff's privacy;

    3. Disclosure of the Plaintiff's criminal history, and other personal information on an internet web site, is an invasion of the Plaintiff's privacy.

B. Issue an injunction ordering Defendants or their agents to:

    1. Immediately remove any and all disclosure of the Plaintiff's (and Class') Social Security Account Number from the Department's internet web site(s);

2. Immediately remove any and all disclosure of the Plaintiff's criminal history and other personal information deemed by this Court to be an unwarranted invasion of Plaintiff's (and Class') privacy, from the Department's internet web site(s);

C. Issue an order:

1. Finding that Defendants' "world-wide" disclosure of Plaintiff's (and Class') Social Security Account Number has caused or is sure to solicit and cause irreparable injury;

2. Requesting the Social Security Administration to provide a new Social Security Account Number to Plaintiff (and Class);

3. Directing the Defendants to pay any and all costs incurred by the Social Security Administration in providing a new Social Security Number to Plaintiff (and Class).

**UNDER THE PENALTIES OF PERJURY, I declare that I have read the foregoing Statement of Claim and attached Memorandum of Law, and that all of the facts contained therein are true and correct.**

Respectfully Submitted,

Robert W. Lawson DC# 746430 *mJ. 985*
*Lake Correctional Institution*
*19225 ~~us~~ , ~~see~~ U.S. Hwy 27*
*Clermont, FL 34711 - 9025*

11